David R. Shoop (220576)
david.shoop@shooplaw.com
**SHOOP, A PROFESSIONAL CORPORATION**
350 S. Beverly Drive, Suite 330
Beverly Hills, CA 90212
Tel: (310) 277-1700
Fax: (310) 277-8500

Janine L. Pollack
pollackj@thesultzerlawgroup.com
Adam Gonnelli
gonnellia@thesultzerlawgroup.com
**THE SULTZER LAW GROUP P.C.**
351 West 54th Street
Suite 1C
New York, NY 10019
Tel: (212) 969-7810
Fax: (888) 749-7747

Lee S. Shalov
lshalov@mclaughlinstern.com
Jason S. Giaimo
jgiaimo@mclaughlinstern.com
**MCLAUGHLIN & STERN LLP**
260 Madison Avenue
New York, New York 10016
Tel.: (212) 448-1100
Fax: (212) 448-0066

Counsel for Plaintiff and the Class (Additional Counsel listed on Signature Page)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SOTELO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RAWLINGS SPORTING GOODS COMPANY, INC.,<br><br>Defendant. | CLASS ACTION COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF<br><br>1.   Violation of the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*)<br>2.   Violation of the California False Advertising Law (Cal. Bus. & Prof. Code § 17500, *et seq.*)<br>3.   Violation of the Consumers Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*)<br>4.   Breach of Express Warranty<br>5.   Breach of Implied Warranty<br>6.   Unjust Enrichment |

## INTRODUCTION

1.      Plaintiff Richard Sotelo brings this consumer class action on behalf of himself and all other similarly-situated consumers against Rawlings Sporting Goods Company, Inc. ("Rawlings" or "Defendant") for mispresenting the weights of its baseball bats.

2.      Rawlings manufactures, distributes and sells youth baseball bats that are advertised and labeled as being a specific length in inches and weight in ounces. Purchasers of these Rawlings bats rely on those representations as the size and weight are crucial to the decision as to which bat to buy.  This class action arises out of the uniform misrepresentations by Rawlings regarding the weights of its baseball bats.  If, unbeknownst to the purchaser, a bat is not the weight at which it is represented, it can negatively affect performance.  It can even cause injury to the user and other players.

3.      On November 27, 2017, Plaintiff purchased for his son a 2018 Rawlings Youth 5150 USA baseball bat ("5150 bat"), which was labeled and advertised as being 27 inches long and weighing 16 ounces (which means it is a -11 weight drop).  However, the 5150 bat purchased by Plaintiff actually weighs approximately 18.6 ounces, a 2.6 ounce weight difference which was material to Plaintiff in choosing to purchase the bat.  In fact, as Rawlings knows and advertises, any weight difference for the Rawlings bats is material for all purchasers of its bats.

4.      Plaintiff relied on the representation by Rawlings that the 5150 bat weighed 16 ounces.   Had Plaintiff known the truth about the weight of the 5150 bat, i.e., that it was not as represented by Rawlings, he would not have purchased the bat, or would have paid less for it.

5.      Plaintiff seeks redress for himself and all others similarly situated who purchased Rawlings bats that were falsely labeled with an incorrect weight. Plaintiff seeks equitable relief, including injunctive and declaratory relief, as well as

all applicable equitable and actual damages under the law, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.*, because this is a class action in which the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member (and Plaintiff himself) is a citizen of a state other than Defendant's state of citizenship; and none of the exceptions under subsection 1332(d) applies to this case.

7.      This Court may assert general personal jurisdiction over Defendant because its contacts with this District are sufficient in that it does substantial business in this District.

8.      Venue is proper in this District under 28 U.S.C. § 1391(b)-(c) because Rawlings does substantial business in this District and is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

## PARTIES

9.      Plaintiff Richard Sotelo is a citizen of CA and a resident of Canyon Country, CA, which lies within this District.

10.      Defendant Rawlings is a manufacturer, marketer and seller of sporting goods.  Rawlings is headquartered in Town and Country, Missouri.  It has been in business since 1887.[1]  In or about July 2018, Rawlings was acquired from Newell Brands by Los Angeles-based private equity firm Seidler Equity Partners and Major League Baseball.[2]  Rawlings' products include the youth baseball bats at issue in

---

[1] https://www.rawlings.com/about/about-company.html (last visited October 18, 2018).

[2] https://www.stltoday.com/business/local/st-louis-county-based-rawlings-sold-to-group-that-includes/article_9695321a-a1e5-57ce-aeb9-72abe9fa19fa.html#tncms-source=infinity-scroll-

this matter, which are sold online (through its own website, www.rawlings.com, and other web-based retailers like www.baseballsavings.com and Amazon), and in retail stores located in California and all over the country.

11.     During the relevant time, Rawlings controlled the manufacture, design, testing, packaging, labeling, assembly, marketing, advertising, promotion, distribution, and sales of Rawlings bats, including the quality control process for the weights of the bats.  Rawlings thus had complete control over how to label its bats as to their proper and accurate weight.

## SUBSTANTIVE ALLEGATIONS

12.     Each Rawlings bat, including the 5150 bat, is labeled and advertised as being a specific length and weight.  However, Rawlings bats are not the weight that they are represented to be by Rawlings, which constitutes a material misrepresentation because the weight of a bat is critical to the purchase decision.

13.     The Rawlings website states, under the heading "Sizing": "Choosing the right-sized bat is important to a player's performance and development.  Players with less experience should start with lighter bats for better swing control.  More experienced players should use a heavier bat to help maximize power.  A bat that is too heavy will dramatically reduce swing speed; if a bat is too light, the player could miss out on the extra force that a heavier bat can generate."[3]

14.     The Rawlings website further states, under the heading "Weight": "Bat weight is measured in ounces (oz.)" and explains, under the heading "Weight Drop": "Weight drop = bat length (in.) – bat weight (oz.)".  It continues: "For example, a 32-inch, 22-ounce bat would have a drop weight of -10.  Typically, the higher the competition or league level, the lesser the weight drop.  A lesser weight drop means

---

summary-siderail-latest (last visited October 18, 2018); http://www.roi-nj.com/2018/07/02/industry/newell-wraps-up-sales-of-waddington-rawlings-units/ (last visited October 18, 2018).

[3] https://www.rawlings.com/bats/bat-guide/ (last visited October 18, 2018).

the bat feels heavier, so a -5 bat will feel heavier than a -10 bat."[4]

15.    As the Rawlings website makes clear, the weight of a bat is critical to bat purchasers making a bat purchase.  The fact that the Rawlings bats come in various sizes that are only one inch and only one ounce apart demonstrates that even a single ounce difference is material to a purchase decision.  For example, on Rawlings' website, the 2018 5150 USA Baseball Bat comes in the following sizes with a -11 drop:  27 inch/16 oz; 28 inch/17 oz; 29 inch/18 oz; and 30 inch/19 oz.[5]  Similarly, on Rawlings' website, the 2018 5150 USA Baseball Bat comes in the following sizes with a -10 drop:  27 inch/17 oz; 28 inch/18 oz.  In other words, every ounce matters.[6]

16.    Similarly, as the Rawlings website further recognizes, the weight drop is also a critical factor in choosing a bat.  Because the weight drop is a function of the length less the weight, if the weight is inaccurate for the bat so, too, will be the weight drop.  Because Rawlings misrepresents the weights of its bats, the weight drops are also misrepresented.

17.    Consumers, like Plaintiff Sotelo, rely on Rawlings' representations about the weight of baseball bats.  Such consumers use the bats recreationally, in amateur sports competitions, and in other scenarios in which the advertised weight is of material importance to the consumer.

18.    The weight of the bat affects everything the player does, including bat speed, bat control, type and angle of swing, exit velocity, batting stance, and approach to pitching.

19.    The weight of the bat is especially important because of the risk of injury of using a bat that is too heavy for the player.  The player may get tired faster

---

[4] *Id.*

[5] https://www.rawlings.com/product/US8511.html (last visited October 18, 2018).

[6] https://www.rawlings.com/product/US8510.html (last visited October 18, 2018).

or strain muscles and ligaments.  The bat could also be a danger to other players and bystanders.

20.     In some youth leagues, the weight of the bat is specified, making its accuracy an important factor in the purchase decision.

21.     Thus, even variation of one ounce can make a significant difference in performance, as recognized by Rawlings' website, *supra*, and consumers like Plaintiff Sotelo and the class shop for bats based in large part on their weight.

**Plaintiff Sotelo's Facts**

22.     On November 27, 2017, Sotelo purchased a new 2018 5150 bat for a price of $72.76, plus tax, for a total of $78.04 on the website www.baseballsavings.com for his then 8-year old son, who plays youth baseball near their home in California.

23.     Sotelo purchased the 5150 bat for personal, family, or household use.

24.     The 5150 bat's label represents that it weighs 16 ounces.  A picture of the label on Sotelo's 5150 bat is below:



25.     In making his purchase decision, Sotelo relied on the representations about the 5150 bat's weight being 16 ounces with a corresponding weight drop of -11.

26.     Sotelo purchased the 5150 bat for his son because he thought the relatively light weight would give his son better swing control, among other things.

27.     However, Sotelo noticed that his son did not have better control with the 5150 bat.

28.     In fact, Sotelo weighed the bat and it does not weigh 16 ounces as represented by Rawlings but rather it weighs approximately 18.6 ounces, around 2.6 ounces more than labeled and advertised by Rawlings.  A picture of Sotelo's 5150 bat on the scale is below, which evidences the 5150 bat's actual weight of 18.6 ounces.



29.     This means that the 5150 bat is closer to a -8 drop than a -11 drop, which is significantly heavier.

30.      Because the 5150 bat is significantly heavier than as labeled, Plaintiff's son cannot use, and is not using, the bat for training or play.

31.      Had Plaintiff known the truth about the weight of the 5150 bat, that it was not as represented, labeled and advertised by Rawlings, he would not have purchased the bat, or would have paid less for it.

<u>Complaints On-Line About Rawlings Bats Being Heavier Than Advertised</u>

32.      Numerous Rawlings consumers have expressed their concern on line at Amazon.com that various Rawlings bats weigh more than advertised, thus demonstrating the widespread nature of the deception by Rawlings.  These are some examples:

- "True weight is far off from the truth!"

  By Dinu Mathew on September 2, 2018 (Style Name: -11/16 oz)

  "The bat is no where close to 16 oz it is more like 18.5 oz, and I took it off the wrap which means I am stuck with it"[7]

- "Weight 2 oz heavy then labeled"

  By jarrettdrivera on May 5, 2018 (Style Name: -10/20 oz)

  "All of the USA 5150 weigh more the the labeled so they are really a drop 8"[8]

- "Bat weighs 3 ounces more than advertised."

  By Amazon Customer on April 26, 2018 (Style Name: -11/17 oz)

  "Ordered this bat for my six year old.  Bat weighs 3 more ounces than advertised.  He couldn't swing the bat."

- "WTF!!! Bat is overweight!!!!!!!!"

---

[7] https://www.amazon.com/Rawlings-Alloy-Barrel-Baseball-16/product-reviews/B074C442VY/ref=cm_cr_getr_d_paging_btm_1?ie=UTF8&reviewerType=all_reviews&sortBy=recent&pageNumber=1#R2G5ALHYRG3O49 (last visited October 18, 2018).

[8] https://www.amazon.com/Rawlings-Alloy-Barrel-Baseball-16/product-reviews/B074C442VY/ref=cm_cr_getr_d_paging_btm_3?ie=UTF8&reviewerType=all_reviews&sortBy=recent&pageNumber=3#R2G5ALHYRG3O49 (last visited October 18, 2018).

By T Rob on March 27, 2018 (Style Name -10/18 oz)

"Well i order this bat 28 inches long and 18 oz, the bat came in 28 inches long and has on it 18 oz !!!  I put the bat on the scale and it weighs 20.5 oz!!! WTF !!!!" [9]

- "3 oz over stated weight"

By Desiree Childers on March 26, 2018 (Style Name -10/17 oz)

"I searched for a 27in -10 for my 7 year old.  I ordered this Rawlings 5150 as soon as I found a 27in in stock.  When it arrived, it felt really heavy for its size, so we weighed it.  It actually weighs 20 ounces.  A full 3 ounces over its stated weight.  I can understand if it was slightly different from its stated weight, but 3 ounces?!? It should have been marketed as a -8, and I would have kept on looking for a light bat." [10]

- "nice bat, unfortunately there will be a lot of …"

By William on March 25, 2018 (Style Name -11/16 oz)

"Over 2oz heavier than listed!! According to Rawlings, most USA bats are heavy.  I weighed the 5150 -10 & -11; both were over 2oz heavier than weight stamped on the bat.  Otherwise, nice bat, unfortunately there will be a lot of crappy 'at bats' because of this deception." [11]

33.    Even on Rawlings' own website, consumers have expressed concern that the Rawlings 2018 5150 bat feels heavier than it should.  An anonymous consumer posted eight months ago, under the title, "Bat has good pop but feels a lot heavier," as follows:  "Bat is advertised at 16 oz not happy with the actual weight".

---

[9] https://www.amazon.com/Rawlings-Alloy-Barrel-Baseball-16/product-reviews/B074C442VY/ref=cm_cr_getr_d_paging_btm_6?ie=UTF8&reviewerType=all_reviews&sortBy=recent&pageNumber=6#R2G5ALHYRG3O49 (last visited October 18, 2018).

[10] https://www.amazon.com/Rawlings-Alloy-Barrel-Baseball-16/product-reviews/B074C442VY/ref=cm_cr_getr_d_paging_btm_6?ie=UTF8&reviewerType=all_reviews&sortBy=recent&pageNumber=6#R2G5ALHYRG3O49 (last visited October 18, 2018).

[11] Id.

The consumer included a picture of the bat on a scale showing that the bat weighed in at 18.47 ounces, "2.47 oz heavier".  The Rawlings consumer thus indicated, "No, I do not recommend this product."[12]

34.     Just like these other consumers who also appear to have weighed their Rawlings bats and learned that they are not the weight represented by Rawlings, Plaintiff's 5150 bat also is not the weight represented, labeled and advertised by Rawlings.

### CLASS ALLEGATIONS

35.     Pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action individually and on behalf of a class of consumers who purchased in the United States any model of Rawlings baseball bat during the applicable limitations period that was misrepresented or falsely labeled as being a different weight than it actually is (the "Class").

36.     Plaintiff also brings this action individually and on behalf of a subclass of consumers who purchased in California any model of Rawlings baseball bat during the applicable limitations period that was misrepresented or falsely labeled as being a different weight than it actually is (the "California Subclass"). The Class and Subclass are sometimes collectively referred to hereinafter as the "Class."

37.     Excluded from the Class are Defendant, its affiliates, predecessors, successors, officers, directors, agents, servants and employees and the immediate families of such persons.

**Numerosity**

38.     The members of the Class are too numerous for joinder to be practicable.  There are at least tens of thousands of purchasers of Rawlings bats in the United States and State of California.  There are at least thousands of purchasers of the 5150 bats in the United States and State of California.

---

[12] https://www.rawlings.com/product/US8511.html (last visited October 18, 2018).

**Commonality**

39.     There is a well-defined community of interest in the relevant questions of law and fact among members of the Class.  Common questions of law and fact predominate over any questions affecting individual Class members, including, but not limited to:

   a.     Whether Rawlings misrepresented, falsely advertised and/or falsely warranted the actual weight of its bats?

   b.     Whether consumers would find the difference between the weight as represented and the actual weight material?

   c.     Whether the conduct of Rawlings violated the California Consumers Legal Remedies Act as to the California Subclass?

   d.     Whether the conduct of Rawlings violated the California Unfair Competition Law under Section 17200 as to the California Subclass?

   e.     Whether the conduct of Rawlings violated the California False Advertising Law under Section 17500 as to the California Subclass?

   f.     Whether Rawlings has been unjustly enriched?

   g.     Whether Rawlings breached its express warranty to consumers?

   h.     Whether Rawlings breached its implied warranty to consumers?

   i.     Whether Rawlings should be enjoined from selling its bats with its current representation/label about their weight?

   j.     For each claim, what is the proper measure of damages?

**Typicality**

40.     Plaintiff has the same interests in this matter as all other members of the Class since he relied upon and was deceived by the same misrepresentation.

41.     If members of the Class brought individual cases, they would require proof of the same material and substantive facts and would seek the same relief.

42.     The claims of Plaintiff and the Class members share a common nucleus

of operative facts and originate from the same conduct by Rawlings.

**Adequacy Of Representation**

43.     Plaintiff will diligently represent the interests of the Class.  The interests of Plaintiff are sufficiently aligned with the interests of the other Class members such that he will have no conflicts with the interests of the Class and will be an adequate representative.

44.     Counsel for Plaintiff is experienced in consumer class action litigation and will prosecute the action with skill and diligence.

**Superiority**

45.     The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for the parties opposing the Class. Such incompatible standards of conduct and varying adjudications on the same essential facts, proof and legal theories would also create and allow the existence of inconsistent and incompatible rights within the Class.

46.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

a. Individual claims by the Class members would be impracticable as the costs of pursuit would far exceed what any one Class member has at stake;

b. Plaintiff is unaware of any other individual litigation that has been commenced over the controversies alleged in this Complaint and individual Class members are unlikely to have an interest in separately prosecuting and controlling individual actions;

c. The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; and

d. The proposed class action is manageable.

47.     Defendant has acted and failed to act in a uniform manner on grounds

generally applicable to Plaintiff and the other members of the Class in misrepresenting the weights of its baseball bats so that final declaratory and injunctive relief as requested herein are appropriate with respect to the Class as a whole.

48.     Therefore, class treatment of Plaintiff's claims is appropriate and necessary.

## COUNT I

## VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *et seq.*

## (ON BEHALF OF PLAINTIFF AND THE CALIFORNIA SUBCLASS)

49.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-48 above as if fully set forth herein.

50.     Plaintiff Sotelo has standing to pursue this claim under California's Unfair Competition Law ("UCL") because he suffered an injury-in-fact and lost money as a result of Defendant's unfair practices. Specifically, had Plaintiff known the truth about the weight of the 5150 bat, that it was not as represented by Rawlings, he would not have purchased the bat, or would have paid less for it.

51.     Rawlings' act of advertising and labeling its bats, including the 5150 bat, as a materially different weight than what they actually are constitutes a course of unfair conduct within the meaning of Cal. Civ. Code § 17200, *et seq*.

52.     The conduct of Defendant harms the interests of consumers and market competition. There is no valid justification for Defendant's conduct.

53.     Defendant engaged in unlawful business acts and practices by violating the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq*. and § 17500, Cal. Bus. & Prof. Code, as alleged in Counts II and III hereinbelow.

54.     Defendant engaged in fraudulent business acts or practices and deceptive, untrue or misleading advertising under§ 17200 by knowingly misrepresenting the Rawlings bats as weighing a materially different amount than

they actually weigh.  Such practices are devoid of utility and outweighed by the gravity of harm to Sotelo and the California Subclass who lost money by paying for the Rawlings bats believing they were the represented weight when they in fact were not.

55.     Plaintiff and the California Subclass and members of the public were likely to be deceived by a false weight in purchasing the bat, inasmuch as the weight of the bat is a significant factor in such a purchase.

56.     Each of Defendant's unfair, unlawful, and fraudulent/deceptive/misleading practices enumerated above was the direct and proximate cause of financial injury to Sotelo and the California Subclass. Defendant has unjustly benefitted as a result of its wrongful conduct.  Sotelo and California Subclass members are accordingly entitled to have Defendant disgorge and restore to Sotelo and California Subclass members all monies wrongfully obtained by Defendant as a result of the conduct as alleged herein.

57.     Plaintiff Sotelo is also seeking injunctive relief on behalf of himself and the California Subclass.  Sotelo wants his son to continue to play baseball and that would entail that Sotelo regularly visit stores or websites to buy bats.  There is a threat of future harm because Sotelo would like to purchase the Rawlings bats in the future but is unable to rely on the accuracy of the labeling and advertising of the weights.  He would like to purchase the Rawlings bats in the future assuming they were correctly labeled but without injunctive relief to ensure the accuracy of the labeling and advertising there is still a risk of future harm.

## COUNT II

## VIOLATION OF CAL. BUS. & PROF. CODE § 17500, *et seq.*

## (ON BEHALF OF PLAINTIFF AND THE CALIFORNIA SUBCLASS)

58.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-48 above as if fully set forth herein.

59.     California Bus. and Prof. Code § 17500 prohibits untrue or misleading advertising.

60.     Plaintiff Sotelo has standing to pursue this claim under § 17500 because he suffered an injury-in-fact and lost money as a result of Defendant's untrue and misleading practices. Specifically, had Plaintiff known the truth about the weight of the bat, that it was not as represented by Rawlings, he would not have purchased the bat, or would have paid less for it.

61.     Advertising and labeling the Rawlings bats as being of a certain weight when they are actually of a materially different weight constitutes a deceptive, untrue, and misleading advertising practice by Defendant under § 17500.

62.     Defendant engaged in fraudulent business practices by misrepresenting the weight of its bats which was known to it, or which by the exercise of reasonable care should be known to it.  As the manufacturer and distributor of the bats at issue, Defendant was in control of the label placed on the bats and the quality control processes to ensure the weights were accurately labeled.

63.     Such practices are devoid of utility and outweighed by the gravity of harm to Sotelo and the California Subclass who lost money by paying for the Rawlings bats that were mislabeled as to their actual weight.

64.     Plaintiff and the California Subclass and members of the public were likely to be deceived by a false weight in purchasing the bat, inasmuch as the weight of the bat is a significant factor in such a purchase.

65.     Each of Defendant's practices of untrue or misleading advertising enumerated above was the direct and proximate cause of financial injury to Sotelo and the California Subclass.  Defendant has unjustly benefitted as a result of its wrongful conduct.  Sotelo and California Subclass members are accordingly entitled to have Defendant disgorge and restore to Sotelo and California Subclass members all monies wrongfully obtained by Defendant as a result of the conduct as alleged

herein.

66.     Plaintiff Sotelo is also seeking injunctive relief on behalf of himself and the California Subclass.  Sotelo wants his son to continue to play baseball and that would entail that Sotelo regularly visit stores or websites to buy bats.  There is a threat of future harm because Sotelo would like to purchase the Rawlings bats in the future but is unable to rely on the accuracy of the labeling and advertising of the weights.  He would like to purchase the Rawlings bats in the future assuming they were correctly labeled but without injunctive relief to ensure the accuracy of the labeling and advertising there is still a risk of future harm.

## COUNT III

## VIOLATION OF CAL. CIV. CODE § 1750, *et seq.*

### (ON BEHALF OF PLAINTIFF AND THE CALIFORNIA SUBCLASS)

67.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-48 above as if fully set forth herein.

68.     The Consumers Legal Remedies Act ("CLRA") was enacted to protect consumers against unfair and deceptive business practices. The CLRA applies to Defendant's acts and practices because the Act covers transactions involving the sale of goods to consumers.

69.     Plaintiff Sotelo and members of the California Subclass are "consumers" within the meaning of § 1761(d) of the California Civil Code, and they engaged in "transactions" within the meaning of §§ 1761(e) and 1770 of the California Civil Code, including the purchases of the Rawlings bats.

70.     Defendant is a "person" under Cal. Civ. Code § 1761(c).

71.     The Rawlings bats are "goods" under Cal. Civ. Code §1761(a).

72.     Defendant's unfair and deceptive business practices were intended to and did result in the sale of the Rawlings bats.

73.     Defendant violated the CLRA by engaging in the following unfair and

deceptive practices:

> a)    representing that Rawlings bats have characteristics, uses, or benefits that they do not have, in violation of §1770(a)(5);

> b)    representing that Rawlings bats are of a particular standard, quality, or grade when they are not, in violation of § 1770(a)(7); and

> c)    advertising Rawlings bats with the intent not to sell them as advertised, in violation of § 1770(a)(9).

74.    If Sotelo and the California Subclass members had known that the Rawlings bats were not of the weight they were represented to be, they would not have purchased them at all or would not have purchased them at the prices they did.

75.    As a direct and proximate result of Defendant's conduct, Sotelo and the California Subclass suffered injury and damages in an amount to be determined at trial.

76.    Pursuant to California Civil Code § 1782(a), on July 10, 2018, counsel for Sotelo sent Defendant a notice letter (attached hereto as Exh. A) via certified mail, return receipt requested, advising Defendant that it had violated the CLRA and must correct, repair, replace, or otherwise rectify the goods alleged to be in violation of § 1770 for himself and other similarly situated purchasers of Rawlings bats.

77.    Defendant, through counsel, responded on August 9, 2018, but did not agree to take the remedial action requested by Plaintiff for himself and other similarly situated purchasers of Rawlings bats.

78.    Sotelo seeks monetary relief under the CLRA.

79.    Plaintiff Sotelo is also seeking injunctive relief on behalf of himself and the California Subclass.  Sotelo wants his son to continue to play baseball and that would entail that Sotelo regularly visit stores or websites to buy bats.  There is a threat of future harm because Sotelo would like to purchase the Rawlings bats in the future but is unable to rely on the accuracy of the labeling and advertising of the

weights.  He would like to purchase the Rawlings bats in the future assuming they were correctly labeled but without injunctive relief to ensure the accuracy of the labeling and advertising there is still a risk of future harm.

80.     Sotelo therefore seeks injunctive and declaratory relief, damages, restitution, costs, attorneys' fees, and any other relief available under the CLRA.

81.     Pursuant to section 1780(d) of the CLRA, attached hereto as Exhibit B is an affidavit showing that this action has been commenced in the proper forum.

<u>COUNT IV</u>

<u>BREACH OF EXPRESS WARRANTY</u>

**(ON BEHALF OF PLAINTIFF AND THE CLASS OR, IN THE ALTERNATIVE, THE CALIFORNIA SUBCLASS)**

82.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-48 above as if fully set forth herein.

83.     Rawlings was at all relevant times a merchant and a seller.

84.     The Rawlings bats are goods and Plaintiff and the Class and California Subclass members purchased the Rawlings bats in a consumer transaction.

85.     Rawlings expressly warranted to all purchasers the weight of the bats directly on the bats.  This was a representation by Rawlings that the bats would perform as per the stated weight and weight drop.  Plaintiff and the other members of the Class and California Subclass, prior to making their purchases, relied on Rawlings' express warranty that its bats were of a certain weight and this formed a part of the basis of the bargain.

86.     Because Rawlings stated the weight of the bat directly on the bat, it communicated directly to purchasers, including Plaintiff and the members of the Class and California Subclass, prior to their purchases, and therefore dealt directly with them and formed a direct relationship with them.

87.     Rawlings breached its express warranty to Plaintiff and the other

members of the Class and California Subclass because its bats are of a materially different weight than represented by Rawlings.  As such, they do not perform as indicated such as they would if the weights were accurate.

88.      Plaintiff's 5150 bat weighs approximately 18.6 ounces, materially more than the 16 ounces as represented by Rawlings directly on the bat.

89.      On July 10, 2018, counsel for Plaintiff Sotelo sent Defendant a notice letter via certified mail, return receipt requested, advising Defendant that it had breached its warranty under California law and requested appropriate class wide relief.

90.      Defendant, through counsel, responded on August 9, 2018, but did not agree to take the remedial action requested by Plaintiff for himself and other similarly situated purchasers of Rawlings bats.

91.      As a result, Plaintiff Sotelo and the members of the Class and California Subclass are entitled to damages in an amount to be determined at trial.

## COUNT V

## BREACH OF IMPLIED WARRANTY

### (ON BEHALF OF PLAINTIFF AND THE CLASS OR, IN THE ALTERNATIVE, THE CALIFORNIA SUBCLASS)

92.      Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-48 above as if fully set forth herein.

93.      Rawlings was at all relevant times a merchant and a seller.

94.      The Rawlings bat are goods and Plaintiff and the Class and California Subclass members purchased the Rawlings bats in a consumer transaction.

95.      The implied warranty of merchantability requires that goods be fit for the ordinary purposes for which goods of that type are used; have adequate labeling; and conform to any promises or affirmations made on any product label.

96.      Rawlings breached its implied warranties to Plaintiff and the Class and California Subclass because the Rawlings bats were not the weight stated on the bat and, as such, were not fit for their ordinary purpose, did not have adequate labeling, and did not conform to the promises or affirmations made on the label of the Rawlings bats.  As alleged hereinabove, the weight stated on the bat is of material significance to purchasers of Rawlings bats and even a one-ounce difference is important to such purchasers.

97.      Defendant's implied warranties extend to Plaintiff and the Class and California Subclass because Defendant knew the purposes for which Plaintiff and the Class and California Subclass were purchasing the Rawlings bats and Defendant manufactured the Rawlings bats for those purposes.  Defendant knew that Plaintiff and the Class and California Subclass were making such purchases based upon, among other things, the weight of the bat as stated directly on it.

98.      Plaintiff and the Class and California Subclass did not receive bats as Rawlings represented to them because the actual weights were not as stated on the bats.  Plaintiff purchased a 5150 bat that was not as warranted because it weighs materially more than 16 ounces as stated on the bat.

99.      Thus, Defendant breached its implied warranties to Plaintiff and the Class and California Subclass.   As a direct and proximate result of such breach of implied warranties by Defendant, Plaintiff Sotelo and the members of the Class and California Subclass suffered actual monetary damages in an amount to be determined at trial.

## COUNT VI

## UNJUST ENRICHMENT

## (IN THE ALTERNATIVE AND ON BEHALF OF PLAINTIFF AND THE CLASS OR, IN THE ALTERNATIVE, THE CALIFORNIA SUBCLASS)

100.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-48 above as if fully set forth herein.

101.     Plaintiff and the Class and California Subclass members conferred a benefit on Defendant by purchasing Rawlings bats that were not the weight represented on the bat and advertised.  Defendant is aware that customers purchase bats based at least in part on the weight that it represents the bat to be.

102.     Defendant's retention of the monies paid for a bat that is not the weight it is represented and advertised to be by Defendant violates the principles of justice, equity and good conscience.

103.     Plaintiff paid money, as set forth above, to purchase a 5150 bat that weighed 16 ounces when it in fact did not weigh 16 ounces but weighed approximately 18.6 ounces, which is materially more.  Similarly, Class and California Subclass members paid money for bats that were not of the weight that Defendant represented on the bat that they are.

104.     It would be inequitable and unjust for Defendant to retain the benefit of such monies obtained from Plaintiff and the Class and California Subclass because Defendant misrepresented the weight of the Rawlings bats.

105.     As a result, Sotelo and the members of the Class and California Subclass are entitled to restitution from Defendant in the amount by which Defendant was unjustly enriched through sales of its Rawlings bats that were misrepresented as to their weights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, prays for judgment as follows:

(a) Declaring this action to be a proper class action and certifying Plaintiff as the representative of the Class and California Subclass;

(b) Appointing Plaintiff's attorneys as Class Counsel for the Class and California Subclass;

(c) Awarding restitution and monetary damages as appropriate;

(d) Ordering injunctive and declaratory relief as appropriate;

(e) Awarding reasonable attorneys' fees, costs and expenses incurred in this action; and

(f) Granting such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff requests a trial by jury of all claims so triable.

Dated: October 25, 2018          Respectfully submitted,

By: /s/ David R. Shoop
David R. Shoop (220576)
Thomas S. Alch (136860)
david.shoop@shooplaw.com
thomas.alch@shooplaw.com
**SHOOP, A PROFESSIONAL CORPORATION**
350 S. Beverly Drive, Suite 330
Beverly Hills, CA 90212
Tel: (310) 277-1700
Fax: (310) 277-8500

Janine Pollack
pollackj@thesultzerlawgroup.com
Adam Gonnelli
gonnellia@thesultzerlawgroup.com
**THE SULTZER LAW GROUP P.C.**
351 West 54th Street, Suite 1C
New York, New York 10019
Tel.: (212) 969-7810
Fax: (888) 749-7747

Lee S. Shalov
lshalov@mclaughlinstern.com
Jason S. Giaimo
jgiaimo@mclaughlinstern.com
**MCLAUGHLIN & STERN LLP**
260 Madison Avenue
New York, New York 10016
Tel.: (212) 448-1100
Fax: (212) 448-0066

C. Mario Jaramillo (195343)
cmj@access.law
**ACCESS LAWYERS GROUP**
527 South Lake Avenue, Suite 200
Pasadena, CA  91101
Tel:  (877) 360-3383
Fax: (866) 686-5590

Counsel for Plaintiff and the Class