Michael R. Annis (*pro hac vice*)
mike.annis@huschblackwell.com
A. James Spung (*pro hac vice*)
james.spung@huschblackwell.com
Michael Klebanov (*pro hac vice*)
Michael.klebanov@huschblackwell.com
**HUSCH BLACKWELL LLP**
190 Carondelet Plaza, 6th Floor
St. Louis, Missouri 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505

Eric Y. Kizirian, SB# 210584
Eric.Kizirian@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

*Attorneys for Defendant Rawlings Sporting Goods Company, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SOTELO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RAWLINGS SPORTING GOODS COMPANY, INC.,<br><br>　　　　Defendant. | Case No. 2:18-cv-09166-GW-MAA<br><br>**SUPPLEMENTAL BRIEFING IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR CLASS CERTIFICATION AND IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE THE REPORT AND TESTIMONY OF STEFAN BOEDEKER**<br><br>Judge: Hon. George H. Wu |

At the December 10, 2020 hearing, the Court expressed doubts as to the reliability of Mr. Boedeker's boneless proposed damages model. One of the Court's several concerns was whether Mr. Boedeker's suggested methodology—if ever even described concretely, much less actually designed and conducted—could reliably measure damages in a classwide way for something as subject to individual preference as the desired or selected weight of a baseball bat. To Rawlings' understanding, the Court has requested, through this supplemental briefing, cases from each party bearing on this concern.

Rawlings has identified one case that expressly considered a proposed conjoint study offered to identify a uniform price premium for an inherently subjective preference. That case, *Opperman v. Path, Inc.*, 2016 WL 3844326 (N.D. Cal. July 25, 2016), rejected the proffered methodology and echoed the Court's concerns in doing so. In *Opperman*, the plaintiff proposed a conjoint survey and analysis (apparently making concrete choices and including detail absent from Mr. Boedeker's report) that was designed to assign a particular value to security features in mobile devices. *Id.* at *14. "The chief problem with this analysis," the court found, "is that because consumers do not have identical preferences, each class member will place a very different value on" the purported liability-inducing conduct. *Id.* Those value differences would vary at least in part, if not in total, based on subjective preference, and "[n]o damages number arising from this model will apply to all class members, particularly since some of the class members, by this measure, will not have been injured at all." *Id.* The court thus had no way of knowing whether the model would predict anything close to the actual damages for each class member; indeed, "[i]t is equally or more likely that [plaintiff's] model would overcompensate some class members, while undercompensating others." *Id.* Noting that the Supreme Court has directed that defendants are "entitled to individualized determinations of each [class member]'s eligibility for [damages]," the Court rejected the proposed model. *Id.* (quoting *Wal-Mart Stores, Inc. v. Dukes*,

564 U.S. 338 (2011)).

As in *Opperman*, the "proposal" here—though impermissibly formless—hopes to identify a uniform price premium, or uniformly identify some range of price premia, for something that is inherently a matter of individualized preference: the desired weight of a bat. This is not a case where an addition of a marketing phrase, like "Made in Italy," to a product label has purportedly commanded a price premium for that product. It is instead a case where, according to Plaintiff, consumers paid some objective price premium based on a bat's scale weight compared to its sticker weight, and Plaintiff hopes to measure that price premium by asking survey respondents (somehow) about their preferences for scale weights of hypothetical bats. Even if Mr. Boedeker had described a realistic way to reliably ask this question, which he has not, the inquiry could not be more subjective and based on individual preference. To quote Plaintiff, "Every kid is different, and some bats work for some and some don't work for others." Doc. 73-7 at 126:13-16. Plaintiff has not shown that consumers have "identical preferences" for bat weight at all, much less preferences that would match his current theory of liability. Nor has he shown that any damages number that could arise from whatever model is finally designed would apply to all class members, including those not "damaged" at all, thus overcompensating many of them. Indeed, the evidence demonstrates that the vast majority of consumers were not impacted at all by any of the varying purported "misstatements" at issue. Doc. 126 (Rawlings Opp. Br.) at 15-16. Nearly 40% of surveyed class members already knew a disparity existed. *Id.* at 14; *accord* Doc. 73-7 at 148:6-12 (Plaintiff learned from "parents and coaches" that sticker weight and scale weight can differ).

*Opperman* demonstrates why Plaintiff's vaguely suggested approach would fail, but Rawlings reiterates that the Court need not even reach the issue because of a more preliminary, but equally fundamental and problematic, point: this is Plaintiff's burden, and he has not met it. Plaintiff must advance sufficient evidence showing a

reliable way to calculate classwide damages according to his liability theory, including a concretely proposed model describing the variables it intends to test and how it will do so. Doc. 126 at 21-22. Plaintiff has failed to proffer an expert that chooses or commits to the attributes and levels to test, or even the method for determining them, and instead leaves those and many other problems subject to further research and ideation. Doc. 142 (Rawlings Mot. to Strike Reply Br.) at 2-7 (citing passages and cases). Plaintiff has thus demonstrated "no damages model at all." *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 552 (C.D. Cal. 2014).[1] Tellingly, Plaintiff has labeled Mr. Boedeker's proposed approach "flexible"—a synonym for "undetermined" or "shapeless"—when challenged with just some of the many concerns that would arise in designing and executing it, a clear demonstration of just how much is left to possibly be determined at some later point. This insufficiency would be problematic even if there were only one purported misstatement—but Plaintiff hopes to measure a range of them, and he has not shown why his singular proposed approach covers all or any of them. As Dr. Wilcox explains, if there were some reliable method to address the range of misstatements caught up in Plaintiff's wide liability theory, Mr. Boedeker has not proposed it in enough detail to evaluate its potential reliability. Doc. 73-19 (Wilcox Report) ¶¶ 59-60 & n.68.

For these reasons, along with the reasons stated in briefing and during hearing, the Court should grant Rawlings' Motion to Strike Mr. Boedeker's testimony and deny Plaintiff's Amended Motion for Class Certification.

---

[1] *Accord Opperman v. Kong Techs., Inc.*, 2017 WL 3149295, *11 (N.D. Cal. July 25, 2017) ("[The expert]'s failure to identify the specific attributes to be used in a conjoint survey prevents the Court from finding that it will adequately measure damages."); *Saavedra v. Eli Lilly & Co.*, 2014 WL 7338930, *6 (C.D. Cal. Dec. 18, 2014) (rejecting proposed conjoint that expert witness had "yet to design," based on data he had "not yet collected," using attributes he "has not decided" upon or had "not yet determined"); *see also* Doc. 142 at 2-7.

| | |
|---|---|
| Dated: December 15, 2020 | */s/ Michael R. Annis* |
| | Michael R. Annis (*pro hac vice*) |
| | Mike.Annis@huschblackwell.com |
| | A. James Spung (*pro hac vice*) |
| | James.Spung@huschblackwell.com |
| | Michael Klebanov (*pro hac vice*) |
| | Michael.Klebanov@huschblackwell.com |
| | 190 Carondelet Plaza, 6th Floor |
| | St. Louis, Missouri 63105 |
| | 314.480.1500 Telephone |
| | 314.480.1505 Facsimile |
| | |
| | Eric Y. Kizirian |
| | Eric.Kizirian@lewisbrisbois.com |
| | LEWIS BRISBOIS |
| | BISGAARD & SMITH LLP |
| | 633 West 5th Street |
| | Los Angeles, CA 90071 |
| | 213.580.3981 Telephone |
| | 213.250.7900 Fascimile |
| | |
| | ***Attorneys for Defendant*** |
| | ***Rawlings Sporting Goods Company*** |